37736. LEONARD *v.* FIREMEN'S INSURANCE COMPANY OF NEWARK, NEW JERSEY.

DECIDED SEPTEMBER 17, 1959—REHEARING DENIED OCTOBER 20, 1959.

*Frank M. Gleason,* for plaintiff in error.

*Shaw & Shaw, Geo. P. Shaw,* contra.

CARLISLE, Judge. Wade H. Leonard filed suit against Firemen's Insurance Company. He alleged substantially that the defendant issued him an automobile insurance policy covering

his described automobile; that by the terms of the policy, certain loss or damage to his automobile was insured against; that on August 19, 1956, which was within the effective period of the policy, his automobile was damaged and rendered useless by reason of a large tree falling on it during a rain and windstorm; that the defendant was duly and promptly notified of the plaintiff's loss and of the extent thereof; that the plaintiff used his automobile in carrying on his profession and that this use was reasonably worth to him $10 per day, and that he was entitled to recover that amount for each day from the date of the loss until the trial of the case; that the defendant company neglected and refused to comply with the provisions of the policy and neglected and refused to make or offer to make "adequate and proper adjustment to plaintiff for such loss and damage . . . and that the said defendant still refuses to make or offer to make adequate and proper adjustment to plaintiff in compliance with the provisions of said insurance policy." The plaintiff prayed that he have and recover of the defendant "the sum set forth in this petition."

The plaintiff's case, as shown by the facts alleged in the petition, was plainly and simply one arising on a breach of a contract. The relation between the plaintiff and the defendant insurance company was simply a contractual one. However, the petition plainly seeks to assert damages as for a tort. " 'The mere breach of an ordinary contract does not constitute a tort; and if there is no liability except that arising out of a breach of a purely contractual duty, the action must be in contract, and an action in tort can not be maintained.' There are certain classes of contracts that create a relation from which the law implies duties a breach of which will constitute a tort, and 'in such cases an injured party may sue either for breach of the contract, or in tort' for breach of the implied duty. This rule applies in certain contractual relations between principal and agent, bailor and bailee, attorney and client, physician and patient, carrier and passenger or shipper, master and servant, and similar well-recognized relations; but it is not every contractual relation which involves a public duty the breach of which will support an action in tort." *Manley* v. *Exposition Cotton Mills,*

47 *Ga. App.* 496 (170 S. E. 711), and cits. "Mere breach of a contract cannot be converted into a tort by showing that failure to perform upon the part of the one committing the breach had resulted in great inconvenience, trouble, annoyance, and hardship to the other party to the contract." *Milledgeville Water Co.* v. *Fowler,* 129 *Ga.* 111, 112 (58 S. E. 643).

The petition in the instant case clearly fails to show that there was any special relationship, beyond the mere contractual one, between the plaintiff and the defendant company which would authorize the plaintiff to maintain an action ex delicto on account of the breach of the contract. Assuming that the allegations of the petition are sufficient to show an actual breach of the contract by the insurance company by a refusal to pay a sum of money to the plaintiff under the contract, such a refusal constituted no more than the breach of any other contract obligating a party to pay a sum of money on the happening of a specified contingency and thus creating the mere relation of debtor and creditor between the plaintiff and defendant, and such breach did not involve the violation of a public or private duty resulting in the invasion of any vested right of the plaintiff independent of that created by the contract itself. *L. & N. R. Co.* v. *Spinks,* 104 *Ga.* 692, 697 (30 S. E. 968); *Howard* v. *Central of Ga. Ry. Co.,* 9 *Ga. App.* 617 (71 S. E. 1017).

The mere refusal of the defendant insurance company to pay sums due according to the provisions of the policy on account of the loss suffered by the plaintiff did not deprive him of the use of his automobile, and damages alleged on account of such loss of use of his automobile were too remote to be considered as having been within the contemplation of the parties in making the contract of insurance. *Fain* v. *Wilkerson,* 22 *Ga. App.* 193, 194 (3) (95 S. E. 752); *Mitchell* v. *Southern Dairies,* 77 *Ga. App.* 771 (49 S. E. 2d 912).

Damages sought to be recovered by the petition in this case are in the nature of a penalty, which the plaintiff claims the defendant owes him because of its failure to promptly settle his claim. The penalties imposed against insurance companies doing business in this State for their failure or refusal to pay claims within a reasonable time after demand has been made

are fixed by the provisions of Code § 56-706. Insofar as the insured's action against the company is based on a mere breach of contract, this remedy is exclusive, and where a proper case is made in an action to recover the amount due under the policy, the plaintiff is limited to 25 percent of his loss plus reasonable attorney's fees as fixed by that statute. See *State* v. *Western & Atlantic R. Co.*, 136 *Ga.* 619, 626 (2) (71 S. E. 1055); *Garner* v. *Chambers*, 75 *Ga. App.* 756 (44 S. E. 2d 507); 1 C. J. S. 974, § 6b.

Nothing herein said conflicts with *Francis* v. *Newton*, 75 *Ga. App.* 341 (43 S. E. 2d 282) which states that "a liability insurance company may be held liable to its insured for negligence . . . in failing to adjust a claim against the insured which is covered by its policy." As to liability insurance, the company owes to the insured a duty independent of the contract not to injure him, and when, from its negligent failure or refusal to adjust a claim, or from fraud or other bad faith, he sustains damages other than damages covered by the insurance contract, then an action in tort would be appropriate. The contract here was to pay a loss covered under the policy. The insured is damaged by the failure to pay only in the sense that any creditor is damaged by the debtor's failure to pay a matured debt, but for this an action in tort will not lie since the remedy is on the contract. Its liability under Coverage E of the policy is to pay the amount of the loss in excess of the deductible amount. The company did not undertake to repair the vehicle itself; this was the insured's prerogative. It follows that a tort action for loss of use of the vehicle will not lie since it was up to the insured rather than the company when the automobile would be repaired, the company agreeing to bear the costs of repair if it was otherwise liable.

It follows that the trial court did not err in sustaining the general demurrer and in dismissing the petition.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*