39767. CLEMONES et al. v. ALABAMA POWER COMPANY.

Decided March 4, 1963—Rehearing denied March 20, 1963.

*Parker, Clary & Kent, Horace T. Clary,* for plaintiffs in error. *Rogers, Magruder, Hoyt, Wright & Walther, Robert E. Walther,* contra.

Frankum, Judge. ■ A witness for the condemnor, Douglas McCrary, was qualified as an expert in hydrology, hydraulics and power plant design. According to this witness' testimony "hydrol-

ogy is the science which deals with water that flows in rivers, rainfall, and such related subjects." He was permitted to testify as to his studies relating to the water flow in the Coosa River adjacent to the condemnees' land, and as to the number of floods that occurred on that section of the river between 1937 and 1957. He stated that "in the 20 year period that I studied . . . there have been some 22 floods that occurred on this section of the river." He then stated that the floods occurred generally in the first three months of the year, but that there had been some in April, in September, and in December, and he then specifically detailed by the months of their occurrence the floods and the elevations of each above sea level. The condemnees objected to this testimony on the ground that it was hearsay, being based on reports of the Department of Interior which they (the condemnees) had not had an opportunity to examine. This objection was overruled, and this ruling is assigned as error in special ground 1 of the motion.

Aside from the quotation from the objection made on the trial, as set forth in this ground of the motion, it does not affirmatively appear in this ground or from the evidence referred to therein that this testimony of the witness was not based on his own knowledge and observations. In the absence of a showing to the contrary, there is a presumption that when a witness testifies as to facts, he testifies from his own knowledge. *Carter v. Marble Products, Inc.*, 179 Ga. 122 (1a) (175 SE 480). This ground of the motion wholly failed to allege as a fact that the witness' testimony was hearsay, and under the foregoing rule it was not sufficient to show that the admission of this evidence was erroneous on that account. Furthermore, it appears from the record that certain charts were introduced without objection showing substantially the same facts with regard to the historical flood elevations on the condemnees' land. This evidence having been admitted without objection, the admission of the testimony complained of in this ground, even if erroneous, was not reversible error. *Louisville &c. R. Co. v. McCamy*, 72 Ga. App. 769, 773 (1) (35 SE2d 206); *Holsenbeck v. Arnold*, 75 Ga. App. 311, 312 (2) (43 SE2d 348); *Davis v. Fulton Nat. Bank*, 77 Ga. App. 400, 402 (1) (48 SE2d 773); *State Hwy. Bd. v. Coleman*, 78 Ga. App. 54, 57 (2) (50 SE2d 262).

■ Special grounds 2 through 6 of the motion for new trial assign error on the admission in evidence of testimony of two witnesses for the condemnor as to the sales price of comparable property, which was one factor these witnesses had used as the basis of their opinion as to the value of the condemnees' property. The substance of the objection in each of these grounds was that the evidence was inadmissible because it had not been shown by prior testimony that such comparable sales were freely and voluntarily made. None of these grounds shows harmful or reversible error in the admission of the testimony over the objections urged.

It is well established in Georgia that before the jury may consider such evidence in assessing the value of the property condemned, such comparable sales must be shown to have been sales of property that were similar to that being condemned, and that the sales were freely and voluntarily made at or near the time of the taking. *Flemister v. Central Ga. Power Co.,* 140 Ga. 511 (79 SE 148). As was pointed out in *Fulton County v. Cox,* 99 Ga. App. 743, 745 (109 SE2d 849), a duty devolves upon the trial judge of making a preliminary determination as to the similarity of the property sought to be compared, the nearness of location, and in point of time of the sale with respect to the condemnation, and whether the particular sale was made under circumstances as to the time and manner of sale as to be truly illustrative of the value of the property being condemned. These rules, however, would seem to apply only where such evidence is offered as direct evidence of value of the property being condemned for the jury's consideration in assessing the value. *State Hwy. Dept. v. Wilkes,* 106 Ga. App. 634 (127 SE2d 715). The evidence in this case, the admission of which is complained of in these grounds, was not admitted for this purpose. The witnesses had qualified as expert real estate appraisers, and in each instance gave opinion testimony as to the value of the condemnees' land and as to the damages which the condemnees had suffered on account of the taking. These opinions were admissible without the necessity for the witnesses to state the facts upon which they based their opinions. *Code* §§ 38-1709, 38-1710. However, it was not inappropriate for the witnesses,

even though expert, to be permitted to state the factual basis upon which they formed their opinions. *Code* § 38-1708. This was the sole purpose for the admission of this testimony as to the sales price of the comparable property, and the jury was instructed by the court that this testimony was not to be taken by them as evidence of the actual market value of the property being condemned, but that it was solely for the purpose of determining how well qualified such expert witnesses may have been when they gave their opinion as to the market value of the property in question. The court having thus instructed the jury, the jury will be presumed to have limited its consideration of this evidence for the purpose of determining how well qualified the experts were.

Furthermore, Herbert Fick, one of the witnesses whose testimony was complained of in these grounds, after testifying at length as to his qualifications and experience as a land appraiser and before giving his opinion as to the value of the condemnees' property, stated that there were three standard accepted approaches in determining the value of property, to wit: The income capitalization method, the "comparable sale or market data approach, wherein you compare the farm you are appraising, . . . with a property that has sold on the open, free market," and finally, the cost approach. The other witness, M. J. Williamson, after also outlining his training, experience, and qualifications as an expert real estate appraiser, stated that the term fair market value means "the maximum price which the property would bring if exposed to sale in the open market, with a reasonable time to find a purchaser buying with full knowledge of all the uses to which the property was adapted, and for which it was capable of being used, with neither the buyer nor the seller being under compulsion to buy or sell." This witness was then permitted to give his opinion as to the "fair market value" of the condemnees' property, and he thereafter gave as the basis of this opinion various factors which he considered, one of which was a single comparable sale as to which he stated that he had verified the purchase price of the property by talking to the purchaser "who stated that it was an arm-length transaction."

No objection was made to any of this testimony of either

witness on the ground that the witness was not speaking from his own knowledge, that his testimony was hearsay, or that the deeds would be the highest and best evidence of the sales price of such comparable property. In view of the statements of the witnesses above referred to, their testimony at least showed prima facie that the comparable sales which they considered were free and voluntary. The admissibility of their testimony as to such comparable sales was at most only doubtful, and in case of doubt as to the admissibility of evidence, it is proper for the judge to admit it and leave its weight and credit for the consideration of the jury. *Albany Phosphate Co. v. Hugger Bros.*, 4 Ga. App. 771, 782 (6) (62 SE 533) ; *United Motor Freight Terminals v. Driver*, 75 Ga. App. 571, 572 (2) (44 SE2d 156).

Finally, the record shows that counsel for the condemnees had ample opportunity to cross-examine the witnesses who testified as complained of in these grounds, that he did in fact examine them, and questioned one of the witnesses as to the voluntariness of at least one of the sales about which he had testified on direct examination. If the sales were not in fact free and voluntary, or if the witnesses did not have sufficient knowledge of this fact to render their testimony admissible, this could have been brought out on cross-examination. This was not done. Under all these circumstances the admission of this evidence was not harmful or reversible error.

■ Special grounds 7 and 12 complain of the exclusion from evidence of an advertisement allegedly published in the Rome News-Tribune by the condemnor and of the refusal to permit one of the condemnees to testify as to the inference which he drew from the advertisement as to the effect of the condemnation on the condemnees' right to use that portion of land condemned as an easement for flooding. This advertisement purported to be a warning to the public to investigate as to the rights of the condemnor in such land before purchasing land in the Weiss reservoir area, and contained, among other language, the following words: "Please note that construction of dwelling houses, commercial establishments, dikes and fills on the lands in the permanent reservoir area, as well as the flood easement area— both covered by Federal Power Commission License No. 2146 —is not permitted."

The sole purpose for which this evidence was offered was to illustrate to the jury the extent to which the rights asserted by the condemnor over the acreage sought to be condemned as an easement for flooding would affect the rights of the condemnees to use this land. The extent of the condemnor's rights to be acquired in the condemnation proceeding are wholly dependent upon the terms of the law granting it authority to condemn and upon the wording and prayers of the petition to condemn, and only such rights as are prayed for in the petition and as are reasonably necessary for the enjoyment of the easement are vested in the condemnor. *Atlantic C. L. R. Co. v. Postal Telegraph-Cable Co.,* 120 Ga. 268, 276 (48 SE 15, 1 AC 734) ; *Central of Ga. R. Co. v. Lawley,* 33 Ga. App. 375 (2) (126 SE 273); *H. G. Hastings Co. v. Southern Natural Gas Corp.,* 45 Ga. App. 774, 779 (5) (166 SE 56). This evidence was not admissible either to vary, modify, add to, or take from such rights, and the jury would not have been authorized to consider this evidence to the extent that it contradicted the terms of the judgment of condemnation which had been entered prior to the trial.

Furthermore, with reference to special ground 12, it appears from the record as transmitted to this court that an advertisement which apparently is the one referred to in that ground and which contains the exact language quoted in that ground was, in fact, admitted in evidence as defendants' Exhibit 1, and appears as a part of the approved brief of the evidence sent to this court. There is no merit in either of these grounds of the motion. *Watkins Co. v. Seawright,* 40 Ga. App. 314 (4), 315 (149 SE 389) ; *Progressive Life Ins. Co. v. Archer,* 73 Ga. App. 639, 647 (8) (37 SE2d 713).

■ Special grounds 8, 10, and 11 of the motion complain because the court excluded evidence that it is the policy of Norwega Production Credit Corporation not to make crop loans on lands subject to a flooding easement. In this connection the condemnees contend that they were members of this production credit corporation, and had in some years past borrowed money from the corporation in order to produce a crop on the land in question, but that they would be unable in the future because of this policy to obtain crop loans on their lands and would there-

by be hampered in their farming operations, or even completely prevented from continuing them. Assuming that the diminution or destruction of the loan value of the land was an element affecting the market value, the evidence proffered, as shown by these grounds, was wholly insufficient as evidence of any such diminution or destruction in the loan value of the land. In order for the condemnees to show that the loan value of the land subject to the easement had in fact been decreased or destroyed, they would have to introduce evidence of a more or less universal custom of not lending money on such lands on the part of all or substantially all companies in the business of making crop loans. The testimony thus offered by the condemnees was analogous to an offer to prove value by showing a single isolated offer to buy the property, and it is well established in Georgia that value cannot be proved in this manner. *Groover v. Simmons,* 161 Ga. 93 (6) (129 SE 778). These grounds of the motion do not show harmful or reversible error.

■ The condemnees objected to the condemnor's introduction in evidence of the income tax returns of the condemnee, W. M. Clemones, for the years 1958 and 1959. The condemnor insists that the returns were introduced for the purpose of showing the income derived from the lease of the land in question by the condemnees. The condemnees objected on the basis that the returns show other income which might prejudice the minds of the jury. This evidence was merely cumulative of this condemnee's testimony relating to the income he had received from the farm, and as such was admissible for that purpose. Since the condemnees' objection was to the admission of the document as a whole, where part was admissible, the judge did not err in admitting it. *State Farm &c. Ins. Co. v. Rogers,* 105 Ga. App. 778 (125 SE2d 893), and cases therein cited.

■ The condemnees have specifically abandoned the general grounds of the motion for a new trial, and it is unnecessary to pass on any question raised by the overruling of those grounds.

*Judgment affirmed. Nichols, P. J., and Jordan, J., concur.*