40913. KILGORE, by Next Friend v. NATIONAL LIFE & ACCIDENT INSURANCE COMPANY.

DECIDED SEPTEMBER 21, 1964.

*Saul Blau,* for plaintiff in error.

*Edenfield, Heyman & Sizemore, William H. Major,* contra.

NICHOLS, Presiding Judge. ■ Assuming but not deciding that the plaintiff's petition set forth a cause of action against the defendant for a tort under the allegations of paragraph 9 of the petition as amended in addition to the action on the insurance contract, the allegations relied upon to support the punitive damages show no actual damages and under the Code as well as under numerous decisions of the Supreme Court and this court punitive damages are not recoverable in the absence of actual damages (See *Code* § 105-1002; *Foster v. Sikes,* 202 Ga. 122, 126, 42 SE2d 441; *Hitchcock Corp. v. Turner,* 102 Ga. App. 452, 116 SE2d 653), since punitive damages are given only as *additional* damages to deter the wrongdoer from repeating the trespass or as compensation for wounded feelings.

*Code Ann.* § 56-1206 provides for punitive damages where an insurer is guilty of bad faith in refusing to pay under the terms of an insurance policy, and the plaintiff's petition elsewhere seeks to recover such damages, but in the absence of such authority, exemplary or punitive damages are not recoverable for the breach of a contract. See *Code* § 20-1405. The judgment striking such paragraph of the plaintiff's petition shows no error.

■ Special ground numbered 1 of the amended motion for new trial complains of the introduction into evidence of certain documentary evidence by the defendant. Such evidence conisted of hospital records containing the recorded opinions (diagnoses) made by physicians who were not witnesses on the trial of the case, and under the decision of this court in the cases of *Knudsen v. Duffee-Freeman, Inc.,* 95 Ga. App. 872 (99 SE2d 370) and *Meeks v. Lunsford,* 106 Ga. App. 154 (1) (126 SE2d 531), construing the Act of 1952 (Ga. L. 1952, p. 177), such evidence was not admissible. However, in the present case the plaintiff examined a witness on direct examination eliciting certain of the opinions shown in such record and the defendant without objection by the plaintiff, cross examined such witness eliciting other opinions shown by such hospital records. Under the decision in *Healan v. Powell,* 91 Ga. App. 787 (2) (87 SE2d 332), and similar cases the admission of such part of the hospital records as had been testified to by such witness was not reversible error; and since all the hospital record (consisting of 31 pages), was not inadmissible under the above cited authority, a part thereof consisting of a record of the treatment given to the insured as well as entries made by the physician who testified on the trial, the overruling of the objection to the whole hospital record was not error. See *Clemones v. Alabama Power Co.,* 107 Ga. App. 489 (5) (130 SE2d 600); *Brantley v. Heller,* 101 Ga. App. 16 (112 SE2d 685), and citations.

■ Special ground 2 complains that the trial court erred in sustaining an objection by the defendant to the plaintiff's mother testifying as to the ability of the plaintiff to see before and after the alleged injury which is the basis of the present action.

It is unnecessary to decide whether such evidence was admis-

sible over objection since the same witness, elsewhere in her testimony, testified without objection to the same facts. Accordingly, the judgment overruling the motion for new trial on such grounds shows no error. See *Insurance Co. of N. America v. Gulf Oil Corp.*, 106 Ga. App. 382, 392 (127 SE2d 43), and citations; and *Krasner v. Mullins*, 108 Ga. App. 171 (132 SE2d 533).

■ During the trial of the case a witness for the defendant was asked a question on direct examination with reference to the procedure which was used in handling applications for insurance and the plaintiff objected on the ground that the general customs and general practices were not admissible unless they were a part of the contract referred to. The trial court overruled such objection and error is assigned thereon in the sole remaining special ground of the motion for new trial.

During cross examination of the defendant's witness counsel for the plaintiff elicited detailed information from the witness as to the practice of the defendant company in regard to the issuance of policies. Accordingly, no reversible error is shown by this ground of the motion for new trial since, even if the overruling of such objection was error, error in improperly admitting evidence is not ground for reversal where evidence to the same effect is later admitted without objection. *Healan v. Powell*, 91 Ga. App. 787, 790 supra; *Pound v. Smith*, 101 Ga. App. 500, 501 (114 SE2d 280).

■ The evidence adduced on the trial of the case authorized the finding for the defendant and, since the question as to the weight of evidence is for the trial court and this court is limited to the question of the sufficiency of the evidence, the judgment overruling the usual general grounds of the plaintiff's motion for new trial must be affirmed. See *Adler v. Adler*, 207 Ga. 394, 405 (61 SE2d 824).

*Judgment affirmed. Hall and Russell, JJ., concur.*