42525. STUBBS v. DAUGHTRY.

SUBMITTED JANUARY 4, 1967—DECIDED JANUARY 11, 1967.

*Richard D. Phillips,* for appellant.

*Sharpe, Sharpe & Hartley, T. Malone Sharpe, Sam Johnson,* for appellee.

EBERHARDT, Judge. ■ The first three enumerations assign error upon the admission, over timely objection, of a report of the investigation of the collision made by the investigating officer. While it may be true that the officer's testimony was the highest and best evidence in regard to the facts to which he testified so that a *refusal* to admit the collision report would not be reversible error (*Draffin v. Massey*, 93 Ga. App. 329 (2) (92 SE2d 38), (business entry statute not mentioned)) and that the report contained conclusions, opinions, impressions and conjectures, some of which were based on statements made by third parties and were inadmissible even under the business entry statute (*Code Ann.* § 38-711; *Martin v. Baldwin*, 215 Ga. 293 (2c) (110 SE2d 344); *Knudsen v. Duffee-Freeman, Inc.*, 95 Ga. App. 872 (99 SE2d 370); *Yarbrough v. Cantex Mfg. Co.*, 97 Ga. App. 438, 441 (2) (103 SE2d 138); *Hawkins v. Jackson*, 97 Ga. App. 525 (3) (103 SE2d 634); *Meeks v. Lunsford*, 106 Ga. App. 154 (1) (126 SE2d 531)), the admission of the report was not error. The officer who made the investigation was present and testified, using the report to refresh his memory, and certain opinions and conclusions contained in the report were testified to without objection by plaintiff. The admission of the parts of the report as were testified to by the officer was not reversible error. *Healan v. Powell*, 91 Ga. App. 787 (2) (87 SE2d 332). And since some entries on the report, such as data as to time, location, road conditions, vehicles and persons involved, personal injuries, damage to vehicles, etc., were not inadmissible as business entries under *Martin v. Baldwin*, supra, and similar cases, the overruling of the objection made to the report in its entirety was not error. *Kilgore v. Nat. Life & Acc. Ins. Co.*, 110 Ga. App. 280, 282 (2) (138 SE2d 397). Accord: *Brantley v. Heller*, 101 Ga. App. 16, 18 (112 SE2d 685); *State Farm Mut. Automobile Ins. Co. v. Rogers*, 105 Ga. App. 778 (1) (125 SE2d 893); *Clemones v. Alabama Power Co.*, 107 Ga. App. 489 (5) (130 SE2d 600).

■ In Enumeration 4 error is assigned on the admission of of the testimony of Mrs. Daughtry concerning a conversation had with her by Mike Dubberly while she was in the hospital. It appears that young Dubberly was driving the front or leading

automobile which the Daughtrys met just prior to their collision with the Stubbs vehicle, and soon after the collision he told Mrs. Daughtry that he was driving at the speed of 75 miles per hour when they met, that the driving of the vehicle at this high speed raised a great cloud of dust behind him and that he feared that it was his fault that the ensuing collision had occurred. When he testified as a witness he asserted that when he met the Daughtrys his speed was less than theirs, and that they were traveling from 50 to 55 miles per hour. He denied having told Mrs. Daughtry that he was traveling at 75 miles per hour. The evidence was offered for the purpose of impeachment, and for that purpose it was admissible.

■ In Enumeration No. 6 error is assigned on the admission of testimony of Charles Durrence as to statements made by occupants of the Dubberly car while traveling with him from the scene of the collision back to Glennville some time after it had occurred, to the effect that shortly before the collision they were traveling too fast and had asked the driver to slow down because the dust clouds made in traveling at the speeds at which the cars were being operated created a dangerous situation. It does not appear from the record that this testimony was offered for impeachment purposes only, or, if it was offered to impeach by prior contradictory statements, that the foundation required by *Code* § 38-1803 was laid. The admission of this hearsay was error.

■ One of the issues in the case was whether the Stubbs automobile had been moved after the collision and before photographs of the scene were taken. Enumeration 5 assigns error on the admission of testimony of Mrs. Daughtry, who had been lying in the Daughtry automobile, that she heard persons at the scene state that they were going to push the Stubbs automobile off the Daughtry automobile. However, Mrs. Daughtry testified of her own knowledge that she knew the Stubbs automobile was, in fact, moved, basing her testimony on the scraping sounds of metal against metal and the movement of the Daughtry automobile as the Stubbs vehicle was pulled away. Hence the admission of the hearsay evidence was harmless.

■ The exception made for the first time on appeal that the

charge of the court over-emphasized the defendant's contention that the deceased had not been in the exercise of due care for his own safety, by reason of the fact that this was repeated several times in the charge, raises nothing for decision. *King v. Adams,* 113 Ga. App. 708 (1) (149 SE2d 548); *Strong v. Palmour,* 113 Ga. App. 750 (2) (149 SE2d 745); *Nathan v. Duncan,* 113 Ga. App. 630 (6) (149 SE2d 383).

*Judgment reversed. Felton, C. J., and Hall, J., concur.*