### 43407. CALHOUN v. CHAPPELL.

JORDAN, Presiding Judge. 1. A police officer may not testify on the trial of a tort action resulting from a motor vehicle collision as to the manner in which the collision occurred where his testimony is based merely on statements of what the parties told him, since this is hearsay. *Augusta Coach Co. v. Lee*, 115 Ga. App. 511 (154 SE2d 689).

2. (a) Nor is the same narration made admissible because written down by the police officer in an accident report. There is indication in *Stubbs v. Daughtry*, 115 Ga. App. 22 (153 SE2d 633) that such reports, insofar as they reflect facts actually seen by the officer investigating the scene, may be introduced under *Code Ann.* § 38-711 as business entries, where a proper foundation is laid but this does not include statements which are hearsay, opinion evidence, or conclusions. *Stubbs* refers to *Martin v. Baldwin*, 215 Ga. 293 (110 SE2d 344), and the latter case makes it crystal clear that *Code Ann.* § 38-711 is primarily adapted to allowing testimony of business records the authentication of which is otherwise difficult against a hearsay objection because it is "the routine product of an efficient clerical system." Its purpose is not to bolster the witness on the stand but to serve in place of a witness by giving the manner of entry within the usual course of the business enterprise an independent prima facie probative value of its own, thus broadening an exception to the hearsay rule. This report, prepared and filed by Officer Smith, could not serve as an exception to the hearsay rule in regard to anything Officer Smith himself saw at the scene because he was on the stand testifying; that part of the report which related to statements made to him by others, which he could not testify to because as to him it was hearsay, is subject to the same objection when the document is offered in evidence.

(b) Various cases have discussed the admission in evidence of police reports in tort actions or criminal prosecutions under the Federal Business Records Act (28 U.S.C.A. § 1732) which is substantially similar in form to *Code Ann.* § 38-711. In Bridger v. Union R. Co., 355 F2d 382, 391, it was stated: "It is the 'business' of local police departments to investigate accidents within the municipal boundaries; these investigations enable the police to determine what, if any, violations

of the law occurred, what citations, if any, should issue, and what future safety measures might be employed to prevent the recurrence of such an accident. Therefore we must conclude that police accident reports are within the ambit of the term 'business records' contained in the Act." Gamble v. State, 215 Tenn. 26 (383 SW2d 48) was cited as a precedent. But the report is not admissible if it contains hearsay, conjecture or conclusions. Levin v. Green, 106 A2d 136; Glencarella v. Fyfe, 171 F2d 419; Johnson v. Lutz, 253 N. Y. 124 (170 NE 517). It is admissible whether used to attack the credibility of the investigating officer (Salsberg v. Modern Transfer Co., 324 F2d 737) or in conjunction with the testimony of the state trooper or policeman who prepared it in the first instance. Hawkins v. Gorea Motor Exp., 360 F2d 933; McWilliams v. Lewis, 125 F2d 200. These rules, which appear sound when applied to our *Code Ann.* § 38-711, do not conflict with what was held in *Stubbs v. Daughtry,* supra, to the effect that portions of the report were properly admitted because dealing with matters of fact, and the admission of other portions, dealing with hearsay and conjectural opinions were not *reversible* error because the same facts were testified to without objection. Examination of the record shows that the police officer testified without objection and substantially *verbatim* to the material in the report, including the opinions, conjecture, etc. We think the sounder rule would be, if it is desired by either side that a police report of accident be introduced in evidence under *Code Ann.* § 38-711 after the foundation is laid, the report not be offered unless all parts of it containing objectionable material are first deleted. Where the officer who prepared and filed the report is present, it can add little to his testimony; where he is not present but the report is proved it may not contain any facts to which the author, had he been present, would be incompetent to testify.

3. The only objection made to the police report was to the portion designating "Describe What Happened," under which the following language appears: "Veh. was traveling south on Back St. in East Newnan. Pedestrian was walking south in road on left side of road. Pedestrian crossed over to right side of road in front of Veh. Driver of Veh. tried to avoid hitting Pedestrian by taking the ditch." It is clear that the first two sentences would not be inadmissible under the ob-

jection raised since the undisputed testimony of both the plaintiff and the defendant as well as the portions of the police report unobjected to show such sentences to be completely uncontradicted statements of fact. The objection was made to the entire portion of the report, and assuming that the last two sentences are inadmissible as hearsay, the admission of such will not be considered as harmful error since a portion of the entire matter objected to was clearly admissible. *Clemones v. Alabama Power Co.*, 107 Ga. App. 489 (5) (130 SE2d 600); *Stubbs v. Daughtry*, 115 Ga. App. 22 (153 SE2d 633); *State Farm &c. Ins. Co. v. Rogers*, 105 Ga. App. 778 (1) (125 SE2d 893). See also *Kilgore v. National Life &c. Ins. Co.*, 110 Ga. App. 280, 282 (2) (138 SE2d 397), and *Brantley v. Heller*, 101 Ga. App. 16, 18 (112 SE2d 685).

It is also clear that substantially the same information set forth in the last two sentences of the portion objected to was contained in other parts of the report to which no objection was made and which showed that the impact was in the right portion of the narrow roadway (see diagram of accident in the report) and that there was "no improper driving" on the part of the defendant driver. The admission of evidence over objection, even if erroneous, will not be cause for reversal if the same or substantially the same evidence is admitted without objection. *Clemones v. Alabama Power Co.*, 107 Ga. App. 489 (1), supra.

In addition to the above, the court, after admitting the police report, cautioned the jury on two occasions that the entire report was a limited document and not proof of the facts set forth therein. After the officer testified and the document was offered in evidence, the court charged the jury, "It is admitted in evidence in this case only as such a record and is not proof of the facts recited thereon." Then in the formal charge to the jury, the court stated, "Now, Gentlemen of the Jury, the Defendant's Exhibit No. 1 has been admitted in evidence. I wish to charge the jury that this document has been offered as a business record of the Police Department of Coweta County. It is admitted only as such a record *and is not admitted as proof of its content*."

The effect of these cautionary instructions not only limited the jury's consideration to that portion of the report to which objection was made but cautioned them to discount the probative value of the entire report, which as a whole was highly favorable to the defendant.

In this case the jury heard all the evidence available from the plaintiff and defendant, as well as other witnesses, and under a factual situation which practically demanded a verdict for the defendant, so found in favor of the defendant. No reversible error appears and the judgment is

*Affirmed.* Bell, P. J., Hall, Eberhardt, Quillian and Whitman, JJ., concur. Felton, C. J., Pannell and Deen, JJ., dissent.

ARGUED FEBRUARY 7, 1968—DECIDED MAY 15, 1968— REHEARING DENIED JUNE 12, 1968—CERT. 

*Henry N. Payton,* for appellant.

*Neely, Freeman & Hawkins, Edgar A. Neely, Jr.,* for appellee.

DEEN, Judge, dissenting as to Division 3. The majority now holds (a) that the objection to the admission of the police report in evidence was *too broad* because directed to the paragraph "Describe What Happened" which did contain some trifling information uncontradicted such as "Veh. was traveling south on Back St." along with the hearsay, and (b) the objection *was not broad enough* because it did not include the diagram and the officer's conclusion of "no improper driving." In the middle of a trial it is difficult to phrase an objection that qualifies as a model of scientific precision. The intent of the objection was clear. The issue was raised and passed on erroneously by the trial court. The ruling was prejudicial. In my opinion, the objection should not be considered by this court too imperfect for consideration.