44844. MARRS v. CORNELL.
44845. MARRS v. SPROUSE.

PANNELL, Judge. 1. Where, as in the present cases, which are actions seeking recovery of damages for personal injuries, a jury for the trial of the cases is selected and immediately thereafter the court is recessed until the following morning, and no objection is made by defendant appellant to the court's failure to instruct the jury "that they should not discuss the cases among themselves, with anyone else, or allow the cases to be discussed in their presence, and that they should not accept favors from those connected with the cases," and no request is made for such instructions, and there is no showing of any attempt to influence the verdict of the jury or of any improper conduct of the jury, the appellant will not be heard to complain of the failure to so instruct the jury for the first time in this court on appeal from the verdict and judgment and a new trial will not be granted on this account. See *Pritchett v. State,* 92 Ga. 65, 72 (18 SE 536); *Riggins v. Brown,* 12 Ga. 271 (10); *Bowdoin v. State,* 113 Ga. 1150 (39 SE 478); *Camp Lumber Co. v. Strickland,* 144 Ga. 445 (4) (87 SE 413); *Chedel v. Mooney,* 158 Ga. 297 (4) (123 SE 300); *Stanley v. Hudson,* 78 Ga. App. 834 (d) (52 SE2d 567).

2. Where testimony of a physician is admitted without objection as to complaints of pain made by a plaintiff to such physician, and similar testimony is admitted over objection, and later the jury is instructed by the trial judge to dis-

regard such testimony, no reversible error is shown (*Lassiter v. Poss*, 85 Ga. App. 785 (3) (70 SE2d 411); *Calhoun v. Chappell*, 117 Ga. App. 865 (3) (162 SE2d 300); *Clemones v. Alabama Power Co.*, 107 Ga. App. 489 (1) (130 SE2d 600)), and no ruling is required as to the admissibility of such evidence. On the question of admissibility, see *Brewer v. Henson*, 96 Ga. App. 501 (100 SE2d 661); *Paulk v. Thomas*, 115 Ga. App. 436 (154 SE2d 872); *Broyles v. Prisock*, 97 Ga. 643, 646 (25 SE 389).

3. When a request is made to the trial judge to instruct the jury to disregard certain testimony by a physician as to a plaintiff's complaints of pain to the witness, and the court on motion of counsel for the defendant gives instructions to the jury and no complaint is made by the defendant at the time or even subsequently during the trial as to the alleged insufficiency of the instructions, the defendant will not be heard to complain for the first time on appeal to this court. See *Bennett v. Southern R. Co.*, 117 Ga. App. 414 (1) (160 SE2d 677).

*Judgments affirmed. Hall, P. J., and Quillian, J., concur.*

ARGUED OCTOBER 8, 1969—DECIDED NOVEMBER 14, 1969—REHEARING DENIED DECEMBER 2, 1969.

*Howard & Thomas, Hubert H. Howard*, for appellant.
*Richard D. Phillips*, for appellees.