### 51986. HOUSING AUTHORITY OF ATLANTA v. MILLWOOD et al.
### 51987. HOUSING AUTHORITY OF ATLANTA v. JONES et al.

WEBB, Judge.

The Housing Authority of Atlanta filed separate actions to condemn the properties of the appellees Millwood and Jones, who appealed from awards of special masters to a jury in the Superior Court of Fulton County. Upon the trial the appeals were consolidated and verdicts were returned in favor of both appellees. The housing authority objected to testimony of the appellees' expert

witness that, after inspecting the condemned property and out of his many years of experience in financing for builders and developers of multi-family dwellings, he assigned a value of 75 cents a square foot as a fair market value. Appeal to this court is made from the denial of the authority's motion for new trial on the ground that an expert witness in a condemnation case should not be permitted to testify as to a fair market value unless his opinion is supported by specific comparable sales.

We do not agree. The decision relied upon in support of this argument, *Fulton County v. Cox,* 99 Ga. App. 743 (109 SE2d 849), is inapposite here. That case holds that where evidence of comparable property is sought to be introduced to prove specific value, it must be qualified by evidence as to the similarity of the property to be compared with the property being condemned. "These rules, however, would seem to apply only where such evidence is offered as direct evidence of value of the property being condemned for the jury's consideration in assessing the value. [Cit.] The evidence in this case, the admission of which is complained of in these grounds, was not admitted for this purpose. The witnesses had qualified as expert real estate appraisers, and in each instance gave opinion testimony as to the value of the condemnees' land and as to the damages which the condemnees had suffered on account of the taking. These opinions were admissible without the necessity for the witnesses to state the facts upon which they based their opinions. Code §§ 38-1709, 38-1710." *Clemones v. Alabama Power Co.,* 107 Ga. App. 489, 492 (2) (130 SE2d 600); *State Hwy. Dept. v. Howard,* 119 Ga. App. 298, 303 (6) (167 SE2d 177); *Bowers v. Fulton County,* 122 Ga. App. 45, 47 (6) (176 SE2d 219) (affd. 227 Ga. 814). In the instant case the testimony of the expert witness was not admitted as evidence of comparable sales to prove the value of the property in question, but as expert opinion evidence of the fair market value. Therefore, it was not improper.

*Judgment affirmed. Deen, P. J., and Quillian, J., concur.*

ARGUED APRIL 12, 1976 — DECIDED APRIL 22, 1976 — REHEARING DENIED MAY 12, 1976 —

*Charles L. Weltner,* for appellant.
*Harmon & Smith, Archer D. Smith, III,* for appellees.