## 73864. GLOBE LIFE & ACCIDENT INSURANCE COMPANY v. OGDEN.
(357 SE2d 276)

BENHAM, Judge.

Appellant Globe Life & Accident Insurance Company, through its sales agent and field representative Donnie Wages, sold a health and hospitalization insurance policy to appellee Cathleen Ogden. The policy went into effect on August 11, 1983, and appellee paid a one-year premium for it. In late November 1983 and late January 1984, Wages visited appellee's home allegedly to collect additional premium payments for one year each. On those occasions, appellee gave Wages two checks made payable to him for $493 and $577, respectively. Wages did not forward these premium payments to appellant. Unbeknownst to her, appellee's policy lapsed on August 11, 1984. Several months later, appellee's daughter contacted appellant regarding the policy and made a payment of $543 to reinstate it. Appellant's service department reinstated the policy but when appellee subsequently attempted to file claims, the claims department record showed that the policy had lapsed and would not be reinstated. Appellant refused to pay appellee's claims, and she filed suit against the company for failure to pay insurance benefits. Count I of her complaint sought recompense under OCGA § 33-4-6 and additional punitive damages. In Count II, she sought general and punitive damages for appellant's allegedly fraudulent conduct regarding the agent's collection of funds.

At trial, the parties agreed that as to Count I the trial court could direct a verdict in appellee's favor for $3,000 in general damages for the amount owed under the insurance contract, $1,335.74 penalties and interest, and $7,000 attorney fees; and that there would be no general damages under Count II. The trial proceeded on Count II with appellee seeking punitive damages based on the general damages awarded on Count I. The jury returned a verdict of $25,000 punitive damages, and based on that verdict along with the directed verdict as to the other issues, judgment was entered accordingly. After denial of its motion for directed verdict and j.n.o.v., appellant brought this appeal.

1. In appellant's first three enumerations of error, it claims that the trial court erred in denying its motions for directed verdict and j.n.o.v. as to Count II of appellee's complaint and on the issue of punitive damages. We agree. Count II was based on allegations of fraudulent conduct on appellant's part by its agent's taking of appellee's premiums and converting them to his own benefit with intent to damage appellee, and by failing to pay her insurance claim. Appellant sought actual and punitive damages on this count, in addition to those sought under OCGA § 33-4-6 in Count I.

"The plaintiff's case, as shown by the facts alleged in the petition, was plainly and simply one arising on a breach of contract. The relation between the plaintiff and the defendant insurance company was simply a contractual one. However, the petition plainly seeks to assert damages as for a tort. 'The mere breach of an ordinary contract does not constitute a tort; and if there is no liability except that arising out of a breach of a purely contractual duty, the action must be in contract, and an action in tort can not be maintained.' " *Leonard v. Firemen's Ins. Co.*, 100 Ga. App. 434, 435 (111 SE2d 773) (1959). See also *Thomas v. Phoenix Mut. &c. Ins. Co.*, 142 Ga. App. 550 (236 SE2d 510) (1977). There was no allegation or showing at trial that there was a special relationship between appellant and appellee, one involving "a public duty the breach of which will support an action in tort." *Leonard* at 435. Here, as in *Leonard*, the "[d]amages sought to be recovered . . . are in the nature of a penalty, which [appellee] claims [appellant] owes [her] because of its failure to promptly settle [her] claim. The penalties imposed against insurance companies doing business in this State for their failure or refusal to pay claims within a reasonable time after demand has been made are fixed by the provisions of [OCGA § 33-4-6]. Insofar as the insured's action against the company is based on a mere breach of contract, this remedy is exclusive. . . ." Id. at 436. Therefore, appellee was only entitled to the recovery obtained in Count I for the amount due under the contract policy, for 25% of the insurer's liability for the loss, and for reasonable attorney fees. OCGA § 33-4-6; *Tate v. Aetna Cas. &c. Co.*, 149 Ga.

App. 123 (253 SE2d 775) (1979).

Appellee argues that punitive damages, in addition to those damages specifically provided for in OCGA § 33-4-6 as set out above, are authorized where an insurer is guilty of a bad faith refusal to pay under the terms of an insurance policy, and cites *Kilgore v. Nat. Life &c. Ins. Co.*, 110 Ga. App. 280 (138 SE2d 397) (1964). We do not read *Kilgore* as allowing any punitive damages other than those specifically prescribed in OCGA § 33-4-6.

As we held above, the remedy is exclusive in the absence of some special relationship of the parties. *Tate v. Aetna Cas. &c. Co.*, supra. In accordance with our analysis, we affirm the judgment as to Count I and reverse as to Count II, the portion of the judgment allowing $25,000 punitive damages.

2. Appellant's last enumeration contends that the trial court erred in allowing evidence concerning its rejection of appellee's claims under the contract, since such evidence was prejudicial to appellant on the issue of punitive damages under the fraud claim. Our decision in Division 1 of this opinion renders this enumeration of error moot.

*Judgment affirmed in part and reversed in part. Banke, P. J., and Carley, J., concur.*

DECIDED APRIL 23, 1987 —
REHEARING DENIED MAY 5, 1987 — 

*Kenneth R. Carswell*, for appellant.
*Rudolph J. Chambless, Vernon L. Chambless*, for appellee.