**James Rudolph HALL, Plaintiff,**

v.

**TRAVELERS INSURANCE COMPANY, Defendant.**

No. 1:87–cv–2372–JOF.

United States District Court, N.D. Georgia, Atlanta Division.

April 29, 1988.

Order Aug. 10, 1988.

Frederick Jackson, Decatur, Ga., for plaintiff.

Bryan Dorsey, Atlanta, Ga., for defendant.

## ORDER

FORRESTER, District Judge.

This matter is before the court on issues raised by defendant Travelers Insurance Company's petition for removal. 28 U.S.C. §§ 1441(a), 1446. Plaintiff's complaint, brought pursuant to O.C.G.A. § 33-4-6 (bad faith failure to pay insurance proceeds), was filed in September 1987 in the Superior Court of DeKalb County. By defendant's petition filed October 30, 1987, this action was removed to this court. Jurisdiction is premised upon 28 U.S.C. § 1332(a)(1) (diversity of citizenship). Plaintiff challenges the propriety of defendant's petition on jurisdictional amount grounds. 28 U.S.C. § 1332(a).

### Preliminary Concerns

As a preliminary matter, the court notes that the parties' handling of this entire dispute has apparently been conducted with little if any regard to applicable rules of procedure. First, no formal motion is before the court for consideration. Indeed, this matter was submitted for ruling on "Plaintiff's Response to Defendant's Petition for Removal," filed November 16, 1987. Because a court order is not a pre-

requisite to the removal of a case from a state court, the propriety of a removal can only be challenged by a party through a motion to remand filed pursuant to 28 U.S.C. § 1447(c). *See Howes v. Childers,* 426 F.Supp. 358 (D.C.Ky.1977). Nevertheless, because plaintiff's response to defendant's petition for removal raises questions concerning the court's subject matter jurisdiction, it will be treated as a motion to remand.

Second, the parties have engaged in a "war of briefs" in complete disregard of the local rules of this district. With plaintiff's "motion" having been filed November 16, 1987, defendant's responsive brief was due by the end of November. Local Rule 220–1(b)(1) (response shall be filed not later than ten days after the motion). Nevertheless, defendant's response was filed December 8, 1987. Plaintiff was then entitled to file a reply brief within ten days of defendant's response. Local Rule 220–1(b)(2) (reply shall be filed not later than ten days after response). This deadline notwithstanding, plaintiff's reply was filed December 28, 1987. Finally, on January 13, 1988 defendant filed a completely unauthorized brief in response to plaintiff's reply. *Id.* (no further supplemental briefs may be filed except by leave of court).

■ Because plaintiff's motion to remand has never been designated as such, the court will not penalize defendant for filing an untimely brief—particularly, since its timeliness is governed by a local rule captioned, "Filing of Motions and Responses." Local Rule 220–1. Plaintiff's December 28, 1987 reply brief, however, is stricken as untimely. Local Rule 220–1(b)(2). Similarly, defendant's January 13, 1988 reply brief is stricken as having been filed without leave of court. *Id.*

### Removal Jurisdiction: Amount in Controversy

#### 1. Motions to Remand

■ A motion to remand may be considered only on the grounds that the case was "removed improvidently and without

jurisdiction." 28 U.S.C. § 1447(c). When considering such a motion, a court should examine closely the grounds asserted for its subject matter jurisdiction. "As a congressionally imposed infringement upon a state's power to determine controveries in their [sic] courts, removal statutes must be strictly construed." *Cowart Ironworks, Inc. v. Phillips Construction Co.,* 507 F.Supp. 740, 743 (S.D.Ga.1981). "Where the basis for jurisdiction is doubtful, the court should resolve such doubt in favor of remand." *Id.; Clyde v. National Data Corp.,* 609 F.Supp. 216 (N.D.Ga.1985). With these principles in mind, the court will consider the merits of plaintiff's motion.

#### 2. Basis for Plaintiff's Motion

As alluded to above, plaintiff bases his challenge to defendant's removal petition on the jurisdictional amount in controversy. 28 U.S.C. § 1332(a). Specifically, plaintiff points to his prayer for damages wherein he seeks: "(a) damages in the sum of $4,900.76; (b) the cost of storage [of plaintiff's damaged automobile] at a rate of $5.00 per day; (c) a sum equal to 25 percent of defendant's liability for said damages; (d) punitive damages; (e) reasonable attorney fees; and (f) such other relief that the court deems just and proper." Complaint, ¶ 11. It is argued that those damages capable of reasonably accurate calculation fail to reach the requisite jurisdictional amount, Brief, ¶ 2. Defendant concedes that the damages sought by plaintiff in (a), (b) and (c) above total *no more than* $7,938.45,[1] but asserts that "the claim for attorney fees and punitive damages makes the amount in controversy over $10,000." Response at 2.

#### 3. Punitive Damages

In support of its contention that plaintiff's claim for unspecified punitive damages may be considered by the court in assessing jurisdictional amount, defendant cites Judge Tidwell's order in *Swafford v. Transit Casualty Co.,* 486 F.Supp. 175

---

**1.** Defendant arrives at this figure as follows: (a) $4,900.76 (proceeds due) plus (b) $1,450.00 (storage costs; 290 days at $5 per day); plus (c) $1,587.69 (25% of (a) and (b)).

(N.D.Ga.1980). Citing *Bell v. Preferred Life Society*, 320 U.S. 238, 64 S.Ct. 5, 88 L.Ed. 15 (1943), the court stated, "It is clear that in determining the jurisdictional amount in controversy, punitive damages are to be counted." *Swafford* at 177. However, the Supreme Court's holding in *Bell* to which reference is made actually reads, "where both actual and punitive damages *are recoverable under a complaint* each must be considered to the extent claimed in determining jurisdictional amount (emphasis added)." *Bell* at 240, 64 S.Ct. at 6. As shall be demonstrated below, plaintiff is not entitled to maintain his claim for unspecified punitive damages under his complaint and thus the court cannot consider this claim in assessing jurisdictional amount.

■ Plaintiff's complaint is comprised of but one count and is brought pursuant to O.C.G.A. § 33–4–6. Specifically, plaintiff alleges that defendant's refusal to pay proceeds due on an automobile insurance policy constitutes bad faith and thus entitles him to damages as provided in § 33–4–6. Complaint, ¶ 11. Pursuant to § 33–4–6, a plaintiff must establish both his entitlement to the disputed proceeds and the defendant's bad faith in withholding them. This having been done, the plaintiff is entitled to recover the amount of his loss, a penalty in an amount not to exceed 25 percent of his loss; and reasonable attorney fees. § 33–4–6. In construing this statute over the years, the Georgia courts have held it to be the exclusive remedy for those claiming bad faith failure to pay proceeds. *See, e.g., Insurance Company of North America v. Folds*, 42 Ga.App. 306, 155 S.E. 782 (1930); *Leonard v. Firemens Insurance Company*, 100 Ga.App. 434, 111 S.E.2d 773 (1959). Based on this authority, a strong case could be made that plaintiff may not recover damages, punitive or otherwise, not expressly provided for in the statute. Later Georgia cases construing the 25 percent penalty provision of § 33–4–6, however, have come to regard it

as an authorization for the recovery of limited punitive damages, despite the usual rule that such damages are unavailable in contract. *See Kilgore v. National Life & Accident Insurance Co.*, 110 Ga.App. 280, 282, 138 S.E.2d 397 (1964). Based on this authority then, it would appear that plaintiff's request for both the 25 percent penalty and unspecified punitive damages is at least redundant. This conclusion finds strong support in the recent Georgia Court of Appeals opinion in *Globe Life & Accident Insurance Co. v. Ogden*, 182 Ga.App. 803, 357 S.E.2d 276 (1987).

In considering an appellee's claim that he was entitled to an award of punitive damages in addition to the 25 percent penalty, the *Ogden* court concluded that punitive damages other than those specifically prescribed in O.C.G.A. § 33–4–6; i.e., the 25 percent penalty, were not allowable. "The [statutory] remedy is exclusive in the absence of some special relationship of the parties." *Ogden* at 805, 357 S.E.2d 276. As mentioned above, plaintiff's complaint alleges only his entitlement to the disputed proceeds and defendant's bad faith failure to pay them. No allegations of fraud or other special circumstances are pleaded. Consequently, the court concludes that plaintiff is at most entitled to punitive damages in an amount equal to 25 percent of his loss, and thus the court cannot consider plaintiff's prayer for unspecified punitive damages in assessing jurisdictional amount.[2]

#### 4. Reasonable Attorney Fees

■ As a consequence of the foregoing, the court can retain jurisdiction over this action only if it determines that plaintiff's request for unspecified attorney's fees suffices to place the amount in controversy over the $10,000 mark. Where, as here, attorney's fees are allowable by applicable law, they may be included in assessing the jurisdictional amount in controversy. *Vacca v. Meetze*, 499 F.Supp. 1089,

**2.** The *Swafford* decision cited above likewise involved O.C.G.A. § 33–4–6. Though that court concluded that the plaintiff's prayer for unspecified punitive damages in addition to the 25 percent penalty served to satisfy the amount in controversy requirement, the court notes that it was decided without the benefit of the Georgia Court of Appeals' *Ogden* decision.

1091 (S.D.Ga.1981). In this regard, defendant argues that "it is hard to believe that the plaintiff's attorney's fees in the present action will amount to less than [a sum sufficient to place the amount in controversy over the $10,000 mark], since plaintiff's attorney's fees are known to run in the range of 25 to 40 percent of judgment amounts." Brief at 4; *see also* McGlynn[3] Affidavit, ¶ 8 (potential award of attorney's fees would easily make verdict in excess of $10,000 possible). The court agrees. Even the most conservative estimate of the amount of plaintiff's attorney's fees would indicate a figure sufficient to bring the amount in controversy over the $10,000 mark. Though this figure is not subject to exact computation at this stage of the proceedings, the court believes that any reasonable amount awarded plaintiff would be sufficient, when combined with the balance of the amount in controversy, to satisfy 28 U.S.C. § 1332(a).

The court could deny plaintiff's motion to remand on the strength of the foregoing discussion alone. The court notes, however, that plaintiff is on record as having denied that his attorney's fees request is sufficient to meet the jurisdictional amount in controversy. Brief, ¶ 2. Though plaintiff stops short of actually representing to the court that he would not seek attorney's fees in this amount, the court will give him an opportunity to do so. Accordingly, plaintiff's motion to remand is conditionally DENIED as follows. Plaintiff will be allowed twenty days from receipt of this order in which to file with the court an affidavit stating that he agrees to seek attorney's fees only to the extent that an award of such fees, when coupled with the balance of the amount in controversy, would not exceed $10,000. Should plaintiff file this affidavit, the court will grant his motion and remand this action back to the Superior Court of DeKalb County where plaintiff would then be judicially estopped from recovering an amount in excess of $10,000,[4] *see American National Bank v. FDIC*, 710 F.2d 1528, 1535–36 (11th Cir.

1983); *see also Phillip Morris, Inc. v. Brown and Williamson Tobacco*, 641 F.Supp. 1438, 1477 (M.D.Ga.1986). Plaintiff will not be allowed to take one position in an effort to defeat defendant's statutory right of removal and then another in an effort to maximize his recovery at trial. *See DeShong v. Seaboard Coastline Railroad Company*, 737 F.2d 1520, 1522 n. 5 (11th Cir.1984) (a party is judicially estopped from having alleged under oath the contrary to the assertion sought to be made). If plaintiff declines to file this affidavit within the time prescribed above, the court's denial of his motion to remand shall become final and the court will maintain jurisdiction over this action.

### Conclusion

Plaintiff's December 28, 1987 brief and defendant's January 13, 1988 brief are stricken from the record as having been filed in violation of Local Rule 220–1(b)(2). Plaintiff's response to defendant's petition for removal is hereby deemed a motion to remand filed pursuant to 28 U.S.C. § 1447(c). As such, plaintiff's motion is conditionally DENIED. Plaintiff will be allowed twenty (20) days from receipt of this order in which to file an affidavit consistent with the above discussion. In the event such an affidavit is filed within the time provided, the court will vacate its conditional denial and grant plaintiff's motion to remand; otherwise, the conditional denial will become final.

### ORDER

This matter is before the court on plaintiff's response to the court's order of April 28, 1988 wherein plaintiff's motion to remand was conditionally denied. In that order, the court stated,

> Plaintiff will be allowed twenty days from receipt of this order in which to file with the court an affidavit stating that he agrees to seek attorney's fees only to the extent that an award of such fees, when coupled with the balance of the

---

**3.** James D. McGlynn is employed as an Assistant Manager in the Property Casualty Claims Department for the defendant.

**4.** Exclusive of interest and costs.

amount in controversy, would not exceed $10,000. Should plaintiff file this affidavit, the court will grant his motion and remand this action back to the Superior Court of DeKalb County where plaintiff would then be judicially estopped from recovering an amount in excess of $10,-000 (citations omitted).

Order of April 28, 1988 at 1410. Plaintiff has filed such an affidavit. Accordingly, the court's April 28, 1988 order conditionally denying plaintiff's motion to remand is VACATED, plaintiff's motion is GRANTED, and this action is hereby REMANDED back to the Superior Court of DeKalb County.