## 53939. THOMAS v. PHOENIX MUTUAL LIFE INSURANCE COMPANY.

WEBB, Judge.

Phoenix Mutual issued a medical benefits insurance policy to Thomas in October, 1973, providing for major medical coverage for himself, his wife, his son and an employee. The certificate showed the maximum major medical coverage for Thomas and his dependents to be $250,000. In May, 1975 Thomas contacted Phoenix' agent to inform him that he was going to have open heart surgery and to confirm coverage. On the following day he was informed by telephone that the certificate issued him was in error and should have shown only $1,000 in major medical coverage due to a preexisting diabetic condition at the time he applied for the policy. During that and several subsequent telephone conversations initiated by Thomas he complained about the error in major medical coverage asserted by Phoenix. On June 9 Thomas was issued a corrected certificate showing $1,000 as full major

medical coverage which, through his attorney, he rejected. On June 25 the open heart surgery was successfully performed. Thomas personally paid all the bills and in August submitted a claim for his expenses, which Phoenix inadvertently paid in full in September on the basis of the original certificate.

Last December Thomas brought this action in tort, "because of" but not "under" the insurance contract claiming that Phoenix' contentions prior to his surgery that his major medical coverage was limited to $1,000 had caused him extensive pain, suffering and anxiety and to become highly nervous, irritable and upset; that its actions in contending that his certificate was erroneous were intentional, wilful, wanton and malicious; and that it was therefore liable in damages for pain and suffering in the amount of $100,000 and for punitive or exemplary damages in the sum of $500,000.

Phoenix filed a counterclaim for the benefits paid under the alleged erroneous coverage, which is not in issue here, and a motion for summary judgment which, as shown by the briefs of parties and specifically stated in the order of the trial court, was based solely upon the question of whether its actions or course of conduct constituted a claim for breach of contract, or would in addition constitute an independent tort for which Thomas might recover damages. The trial court granted summary judgment on that issue, Thomas appeals and we affirm.

"Generally, a mere breach of a valid contract amounting to no more than a failure to perform in accordance with its terms does not constitute a tort or authorize the aggrieved party to elect whether he will proceed ex contractu or ex delicto. [Cits.]" *Mauldin v. Sheffer,* 113 Ga. App. 874, 877 (150 SE2d 150) (1966). Even where it is shown that the defendant's failure to perform resulted in great annoyance or hardship to the plaintiff, recovery in tort is available only if the insurance contract is within those "certain classes of contracts that create a relation from which the law implies duties a breach of which will constitute a tort. . ." *Manley v. Exposition Cotton Mills,* 47 Ga. App. 496, 497 (170 SE 711) (1933); *American Oil Co. v. Roper,* 64 Ga. App. 743, 749 (14 SE2d 145) (1941) and cits.; *Leonard v. Firemen's*

*Insurance Co.,* 100 Ga. App. 434 (111 SE2d 773) (1959). See also Annot. 47 ALR3d 314, 323.

The complaint here clearly fails to show that there was any special relationship beyond the mere contractual one between Thomas and Phoenix which would authorize him to bring a tort action "because of" the contract. See *Long v. Jim Letts Oldsmobile, Inc.,* 135 Ga. App. 293 (2) (217 SE2d 602) (1975). Indeed, the acts Phoenix was alleged to have committed amounted to no more than a threatened breach of the contract as exposited by Thomas, which then failed to materialize. Summary judgment was properly granted as to this issue.

*Judgment affirmed. Deen, P. J., and Marshall, J., concur.*

ARGUED MAY 5, 1977 — DECIDED MAY 19, 1977 — REHEARING DENIED JUNE 14, 1977 — ▬▬▬▬

*Knox & Evans, Robert E. Knox, Randall Evans, Jr.,* for appellant.

*Carter, Ansley, Smith & McLendon, Tommy T. Holland,* for appellee.