## 56911. TATE v. AETNA CASUALTY & SURETY COMPANY et al.

QUILLIAN, Presiding Judge.

The plaintiff appeals from the grant of defendant's motion for summary judgment with regard to the second count of the plaintiff's complaint. The count in question, as amended, alleged: that the defendant Aetna Casualty issued a fire insurance policy to the plaintiff; that the plaintiff's home was damaged by fire which loss was properly reported and the plaintiff fully complied with the terms of the contract; that the defendant undertook the duty to assist the plaintiff in submitting his claim in determining his loss; that defendant was negligent in the following particulars: in violating accepted standards in the industry; in violating its own ethical standards; in using an unlicensed and incompetent adjuster and personnel; in committing an unfair business practice; in failing to use due care to include all of plaintiff's losses under the law; in failing to properly inspect plaintiff's losses and property; in failing to properly consider plaintiff's estimates of his loss.

The complaint further alleged that as proximate result of the defendant's acts of negligence the plaintiff was damaged in that he was induced and caused to spend twelve days in obtaining estimates and expenses of travel as well as mental and emotional stress and that the plaintiff was caused to be in violation of the regulations of the City of Atlanta and to spend money and time as a result thereof; also, that the plaintiff suffered partial loss of the use of his home. Under the allegations of Count 2 the plaintiff sought to recover actual damages for loss of use of part of his home and the rental value thereof; for mental and emotional upset and suffering that was caused by the defendant's negligence; for his expense and time in acquiring estimates of loss; for his time and expense as a result of defendant's violating the Atlanta city ordinance and for punitive damages in the sum of at least $100,000.

After various discovery proceedings and the taking of depositions the cause came on for hearing. The trial judge sustained the defendant's motion for summary judgment as to the second count of the plaintiff's complaint and dismissed the same. *Held:*

In the case sub judice the relation between the plaintiff and the defendant was a contractual one arising out of the policy of fire insurance issued by the defendant to the plaintiff. " 'Generally, a mere breach of a valid contract amounting to no more than a failure to perform in accordance with its term does not constitute a tort or authorize the aggrieved party to elect whether he will proceed ex contractu or ex delicto. [Cits.]' *Mauldin v. Sheffer,* 113 Ga. App. 874, 877 (150 SE2d 150) (1966). Even where it is shown that the defendant's failure to perform resulted in great annoyance or hardship to the plaintiff, recovery in tort is available only if the insurance contract is within those 'certain classes of contracts that create a relation from which the law implies duties a breach of which will constitute a tort. . . ' " *Thomas v. Phoenix Mut. Life Ins. Co.,* 142 Ga. App. 550, 551 (236 SE2d 510). Accord, *Leonard v. Fireman's Ins. Co.,* 100 Ga. App. 434, 435 (111 SE2d 773).

As stated in *Long v. Jim Letts Olds, Inc.,* 135 Ga. App. 293, 294 (217 SE2d 602), "It is well settled that

misfeasance in the performance of a contractual duty may give rise to a tort action. See, e.g., *E. & M. Const. Co. v. Bob,* 115 Ga. App. 127 (153 SE2d 641); *Floyd v. Morgan,* 106 Ga. App. 332 (127 SE2d 31); *Moody v. Martin Motor Co.,* 76 Ga. App. 456 (46 SE2d 197). But in such cases the injury to the plaintiff has been 'an independent injury over and above the mere disappointment of plaintiff's hope to receive his contracted-for benefit.' *Orkin Exterminating Co. v. Stevens,* 130 Ga. App. 363, 366 (203 SE2d 587) . . . 'The duty, for a breach of which an action ex delicto lies, must be a duty imposed by law as to some relationship, general or special, as applied to that class of cases where the alleged duty arises out of a contract. For instance, if one promises to pay another a given sum of money by a named day, the contract creates a duty to pay; but a breach of that duty is not a tort.' "

A careful examination of the proof offered on motion for summary judgment shows the absence of any statutory duty owed to the plaintiff. If the duties in question arose at all, they arose out of the contract. All concern the insured's actions in settling under terms of the contract. Construing the facts in this case most strongly against the movant, still it is clear that, at most, there was breach of contract on the part of the defendant by failing to pay the plaintiff the full amount of damages owed under the terms thereof. Hence, the damages sought to be recovered by the plaintiff are limited to the "bad faith" provisions of Code Ann. § 56-1206 (Ga. L. 1960, pp. 289, 502; Ga. L. 1962, p. 712) as alleged in the first count of the complaint. *Leonard v. Fireman's Ins. Co.,* 100 Ga. App. 434, 436, supra.

It was not error to grant the defendant's partial motion for summary judgment as to the second count of the plaintiff's complaint.

*Judgment affirmed. Webb and McMurray, JJ., concur.*

Submitted November 7, 1978 — Decided January 29, 1979 — Rehearing denied February 22, 1979 —

*E. Graydon Shuford, Robert L. Coley,* for appellant.

*Long, Weinberg, Ansley & Wheeler, Sidney F. Wheeler, J. M. Hudgins, IV, Ben S. Williams,* for appellees.