Jack R. CUMMINGS, Plaintiff,

v.

The PRUDENTIAL INSURANCE COM-
PANY OF AMERICA, Defendant.

Civ. A. No. CV681-53.

United States District Court,
S. D. Georgia,
Swainsboro Division.

July 2, 1982.

William E. Woodrum, Jr., Millen, Ga., Thomas H. Driskill, Charles L. Wilkinson, III, Martinez, Ga., for plaintiff.

Neal W. Dickert, Hull, Towill, Norman & Barrett, Augusta, Ga., for defendant.

## ORDER

BOWEN, District Judge.

On February 11, 1980, plaintiff Jack Cummings applied to defendant Prudential Insurance Company [Prudential] for health care insurance. A question on the application required the plaintiff to disclose other health care insurance coverage. In response, plaintiff listed only a Life of Georgia policy. At that time, however, he was also covered by a second Life of Georgia policy, two Independent Life and Accident Insurance Company policies, and a cancer policy carried by United Family Life Insurance Company. The existence of these policies did not come to the attention of Prudential until the fall of 1980. Furthermore, in response to another inquiry regarding past medical treatments and illnesses, the plaintiff failed to disclose several episodes of hospitalization and other medical treatment. Based on the information in plaintiff's application, Prudential issued a one-year policy effective the date of the application. The application was made a part of the policy.

In the summer of 1980, plaintiff was diagnosed as having lung cancer. Consequently, he began incurring medical and hospital expenses for which he submitted claims to his insurance carriers. At some point in the fall of 1980, Prudential became aware of the plaintiff's additional coverage and undertook an investigation of the matter. During this investigation the plaintiff's claims were not processed, and, eventually, an attempt was made by Prudential to return the 1980 premiums, prorated so as to exclude the plaintiff from coverage but not other members of his family covered by the policy. Plaintiff refused the tender of the premiums and would not sign a release form submitted by Prudential. In January, 1981, Prudential refused to accept any premiums applicable to the renewal of the policy. Prudential, however, did make a payment in February, 1981, on a claim arising out of plaintiff's illness. Otherwise, Prudential refused to pay his medical claims despite an alleged oral demand for payment. Subsequently, plaintiff filed suit seeking payment under the policy for medical claims totaling $13,356.21, bad faith penalty and attorney's fees, under Ga.Code Ann. § 56–1206, and $50,000.00 for pain, anxiety and mental suffering caused by the defendant's intentional refusal to honor the insurance contract.

Prudential filed a motion for summary judgment contending the plaintiff's failure to fully disclose his insurance coverage and past medical history amounts to a material misrepresentation as contemplated by Ga. Code Ann. § 56–2409, thereby voiding the policy *ab initio*. Summary judgment is also sought with respect to the issue of bad faith penalty and attorney's fees on the ground the plaintiff's misrepresentation constitutes a reasonable defense to the action vindicating the good faith of the insurer in declining to pay the claims. Additionally, it is asserted the plaintiff failed to make a written demand for payment under section 56–1206. Defendant also seeks summary judgment on plaintiff's claim for damages for his mental suffering caused by defendant's refusal to honor the policy. Defendant's position with respect to this issue is that such an award would amount to double recovery inasmuch as section 56–1206 provides the exclusive "punitive" remedy.

840

In response, plaintiff argues the defendant waived its defense of material misrepresentation by paying a claim after it was aware of the defects in the application. With respect to the purported failure to make a valid section 56–1206 demand for payment, plaintiff asserts that an oral demand was made upon a representative of Prudential satisfying the requirements of the statute.

Before considering the issues raised by the defendant's motion, it is appropriate to recognize the principles applicable to the consideration of a summary judgment motion. First, the burden rests with the movant to show that no genuine issue of material fact exists for trial. In determining whether this burden has been carried, the Court must view the evidence in a light favorable to the opposing party, with any reasonable doubts being resolved in that party's favor. Moreover, the opposing party need not produce any evidence in rebuttal until the movant's burden is carried. *Impossible Electronics Techniques, Inc. v. Wackenhut Protective Systems, Inc.*, 669 F.2d 1026, 1030–31 (5th Cir. 1982).

Addressing first the issue of the alleged material misrepresentation, it is undisputed that the plaintiff did not reveal all of his insurance coverage. This failure, however, standing alone, does not void the policy, since section 56–2409 requires the misrepresentation to be material. A material misrepresentation is defined as one that would influence either a prudent insurer's decision of whether to accept the risk, or the insurer's determination of the amount of the premium to be charged. *Sentry Indemnity Company v. Brady*, 153 Ga.App. 168, 264 S.E.2d 702 (1980). The question of materiality is one generally left to a jury, unless the evidence excludes every reasonable inference except for one of materiality. *United Family Life Insurance Co. v. Shirley*, 242 Ga. 235, 248 S.E.2d 635 (1978). Considering the evidence presented by the parties, when viewed favorably toward the plaintiff, it cannot be said that the materiality issue is settled. The evidence does not exclude all inferences save that of material-

ity. Accordingly, the jury must provide the answer.

With respect to the nondisclosure of the medical information, the evidence does not demand a conclusion, as a matter of law, that the information was material. Little, if any, evidence has been produced to show the degree of severity, and the consequences thereof, of the several illnesses alleged to have been concealed. Thus, the question of the materiality of the medical information is one for the jury.

Another facet of this case precludes summary judgment on the misrepresentation issue. It is recognized in Georgia that an insurer may impliedly waive by its conduct any provision of a policy made for its benefit. *State Farm Fire & Casualty Co. v. Mills Plumbing Co., Inc.*, 152 Ga.App. 531, 533, 263 S.E.2d 270 (1979). In this case, the application, which became part of the policy, required the disclosure of certain pertinent information. Without a doubt, a provision such as this is created for the benefit of the insurer. From a review of the record, it appears Prudential paid a claim filed under the disputed policy well after it had initiated its investigation into the completeness of the plaintiff's application. Although the evidence in the record suggests some knowledge on defendant's part of the additional insurance at the time the claim was paid, the record is devoid as to the scope, quality and source of this knowledge. Moreover, it is not altogether clear that defendant was aware of the unreported medical information when it made payment. Thus, a question is raised on the knowledge possessed by Prudential at the time of payment, and whether any waiver of any defense or policy provision was intended.

Defendant also seeks summary judgment on the plaintiff's claim for bad faith penalty and attorney's fees as authorized by section 56–1206. Prudential advances two grounds for summary judgment: 1) it has a reasonable defense in the material misrepresentation allegation, vindicating its good faith, and 2) the plaintiff did not make a written demand for pay-

ment. These grounds, given the evidentiary posture of the record, are insufficiently supported to warrant summary judgment at this time. With respect to the first ground, there are issues of materiality and waiver to be resolved. Until these issues are settled, a decision on the "reasonable defense" issue is premature. As for the second basis, a written demand by an insured is not required to invoke the provisions of section 56–1206. An oral demand will suffice. *See Cotton States Mutual Insurance Co. v. Clark*, 114 Ga.App. 439, 151 S.E.2d 780 (1966). In this case, there is evidence of some type of demand being made by the plaintiff, but additional evidence is required before a determination of the sufficiency of the demand can be made. Accordingly, a decision on the issue of bad faith penalty and attorney's fees is reserved until the close of the evidence at trial.

The final issue to be addressed concerns the plaintiff's claim of damages for his alleged mental suffering caused by the defendant's refusal to pay under the policy. Plaintiff alleges the defendant's willful failure to honor the contract between them resulted in the plaintiff suffering mental anguish and anxiety for which he seeks an award of $50,000.00. This claim must fail.

Under this claim, plaintiff is seeking recovery in tort. In Georgia, damages for mental suffering arising out of a breach of contract, absent a concomitant breach of a duty independent of the contract, are not recoverable. This principle is applicable to insurance contracts. The rule simply stated is a breach of a contract does not constitute a tort, even if it results in hardship to the non-breaching party, unless the contract creates a type of relationship upon which the law implies certain duties, a breach of which is a tort. *Tate v. Aetna Casualty & Surety Co.*, 149 Ga.App. 123, 253 S.E.2d 775 (1979); *Thomas v. Phoenix Mutual Life Insurance Co.*, 142 Ga.App. 550, 236 S.E.2d 510 (1977). The record in this case shows only a breach of contract, and not any special contractual relationship a breach of which would authorize a tort action. Thus, the plaintiff is limited to those

damages recoverable under section 56–1206. 149 Ga.App. at 125, 253 S.E.2d 775. Accordingly, defendant's motion for summary judgment on this issue is GRANTED.

Consonant with the foregoing rulings, the defendant's motion for summary judgment is hereby GRANTED IN PART and DENIED IN PART.