497 So.2d 285 (1986)
Murray WEISS, Appellant,
v.
The INSURANCE COMPANY OF the STATE OF PENNSYLVANIA and American International Adjustment Company, Inc., Appellees.
No. 86-225.
District Court of Appeal of Florida, Third District.
October 14, 1986.
Rehearing Denied November 26, 1986.
Barbara North Burton, Miami Shores, and Carolyn A. Smith, Coral Gables, for appellant.
Richard A. Sherman, Fort Lauderdale, for appellees.
Before SCHWARTZ, C.J., and HUBBART and JORGENSON, JJ.
SCHWARTZ, Chief Judge.
After authorizing the repair of Weiss's vehicle, his automobile carrier, the Insurance Company of the State of Pennsylvania (ICP), refused to pay for a large portion of the bill on the ground that it represented damages caused by "wear and tear" which was excluded from collision coverage. Weiss then sued ICP and its adjuster, American International Adjustment Company, to recover under the policy, for fraud and deceit, and for alleged violations of the Deceptive and Unfair Trade Practices Act, § 501.204(1), et seq., Fla. Stat. This appeal *286 is from an order dismissing the action[1] without prejudice because the plaintiff had not complied with the policy provision for the appraisal of damages[2] as previously ordered upon the defendants' motion. See U.S. Fire Ins. Co. v. Franko, 443 So.2d 170 (Fla. 1st DCA 1983).
We reverse on the ground that, by exercising its right to repair the vehicle as authorized by the policy,[3] the insurer rendered it impossible to comply with the appraisal clause. Hence, that provision became inoperative and was waived as a matter of law.[4]Gage v. Connecticut Fire Ins. Co., 34 Okla. 744, 127 P. 407 (1912); Providence Washington Ins. Co. v. Wolf, 168 Ind. 690, 80 N.E. 26 (1907); 14 Couch on Insurance 2d § 50:119 (rev. ed. 1982); see Home Indemnity Co. v. Bush, 20 Ariz. App. 355, 513 P.2d 145, 148-49 (1973); Prudential Ins. Co. v. Bidwell, 103 Ind. App. 386, 8 N.E.2d 123 (1937); Wynkoop v. Niagara Fire Ins. Co., 91 N.Y. 478 (1883).
For this reason, the order under review is reversed[5] and the cause remanded for trial.
NOTES
[1] See infra note 5.
[2] Appraisal.

If we and you do not agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will select a competent appraiser. The two appraisers will select an umpire. The appraisers will state separately the actual cash value and the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:
1. Pay its chosen appraiser; and
2. Bear the expenses of the appraisal and umpire equally.
[3] The policy provides: "We may pay for loss in money or repair or replace the damaged or stolen property."
[4] Our consideration of this appeal has been severely handicapped by the fact that the parties, none of whom are now represented by trial counsel, have unaccountably devoted almost all their appellate energies to arguing the propriety of a ruling which was never made on an issue which was, for good reason, never raised below. Weiss claims that the trial court ordered compliance with an arbitration clause in the policy and then asserts that the insurer waived its reliance on that provision by failing to timely raise it, see King v. Thompson & McKinnon, Auchincloss Kohlmeyer, Inc., 352 So.2d 1235 (Fla. 4th DCA 1977); the appellees vigorously contend that their supposed insistence on arbitration did not come too late. See Graham Contracting, Inc. v. Flagler County, 444 So.2d 971 (Fla. 5th DCA 1983), pet. for review denied, 451 So.2d 848 (Fla. 1984). In fact, however, there is no arbitration clause in the collision portion of the policy; the only such provision, which is quoted and relied upon in the appellees' brief, applies to uninsured motorist coverage and thus has nothing to do with this case. Accordingly, an examination of the record shows clearly that the parties at no time asserted below and the trial judge at no time determined that there was any right to arbitration. See 31 Fla.Jur.2d Insurance § 891 (1981) ("Although the term `appraisal,' or `appraisement,' and the term `arbitration' are generally used interchangeably or in a loose sense in insurance policies and cases, there is a distinction between a limited agreement for appraisal of the amount of the loss and a general agreement to submit to arbitration.")
[5] It should be noted that, as the trial court itself recognized in providing for an abatement of the action pending appraisal only as to the "claim ... for damage to plaintiff's vehicle" and that "all other aspects" of the case were to remain pending, the appraisal clause could have no effect on the separate fraud and FDUTPA claims. Those counts should therefore not have been dismissed in any event. (The plain inconsistency between the prior order and the dismissal of the entire action was apparently not called to the attention of the trial court.)