**ROSEMARY VOLPE GRIBBIN, Plaintiff**

v.

**ISLAND NATIONAL INSURANCE COMPANY, Defendant**

Civil No. 533/1990

Territorial Court of the Virgin Islands

Div. of St. Croix at Kingshill

November 14, 1990

JOEL H. HOLT, ESQ., Christiansted, St. Croix, V.I., *for plaintiff*

BEVERLY A. EDNEY, ESQ., Christiansted, St. Croix, V.I., *for defendant*

CABRET, *Judge*

## MEMORANDUM OPINION AND ORDER

THIS MATTER is presently before the Court on the Defendant's, Island National Insurance Company, (hereinafter referred to as "Island National") motion for reconsideration of the Court's Order denying a stay of the instant proceeding pending arbitration.

### I. FACTS

The Plaintiff, Rosemary Volpe Gribbin (hereinafter referred to as "Gribbin" or "insured") filed a Complaint seeking damages for the alleged breach of a contract of home insurance entered into with Island National in March of 1989. Gribbin's dwelling, a mobile home, was severely damaged when Hurricane Hugo devastated the island of St. Croix on September 17, 1989. In fact, Gribbin alleges that Island National's own adjuster investigated her claims and found that her home was totally destroyed. She further states that in February of 1990, she received word from Island National that the company had purchased a replacement mobile home on her behalf. According to Gribbin the replacement mobile home was of a lesser quality than the original. This arrangement was apparently rejected by Gribbin when by letter dated February 27, 1990, Gribbin's counsel demanded full payment for the face value of the policy.

By letter dated June 26, 1990, Island National notified Gribbin that the insurance Company was demanding "arbitration" of her claim pursuant to the following provision of her policy:

> **Appraisal.** If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will choose a competent appraiser within 20 days after receiving a written request from the other. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the **residence premises** is located. The appraisers will separately set the amount of loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to

agree, they will submit their differences to the umpire. A decision agreed to by any two will set the amount of loss.

Rather than respond to Island National's demand for arbitration, Gribbin filed her Complaint on July 2, 1990.

On July 17, 1990, in response to Gribbin's Complaint Island National filed a motion to dismiss or stay the proceeding pending arbitration. Gribbin opposed on the ground that her policy did not contain an arbitration clause. Based on the copy of Gribbin's policy contained in the Court's file, this Court entered its Order of August 3, 1990, denying Island National's motion to dismiss or stay the proceeding pending arbitration. Subsequently, Island National filed a motion for reconsideration of the Court's Order. Attached to the motion for reconsideration was a copy of the first 15 pages of Island National's standard insurance policy, which was allegedly included in Gribbin's policy. Page eight contains the above quoted paragraph which Island National claims is an arbitration clause.

Gribbin filed a response to Island National's motion for reconsideration asserting that: (1) the policy does not contain an arbitration clause; (2) pages one through ten of the insurance policy were not given to Gribbin and, therefore, there was no meeting of minds; and (3) the so-called arbitration clause is unconscionable. The Court shall discuss each of Plaintiff's contentions in turn.

## II. DISCUSSION

### A. *Arbitration vs. Appraisal*

There is, strictly speaking, a difference between an agreement to arbitrate and an agreement for appraisal although the two are often confused, especially in insurance contracts. In 5 Am. Jur. 2d "Arbitration and Award" § 3, 520-21 (1962), it is said that:

An agreement for arbitration ordinarily encompasses the disposition of the entire controversy between the parties upon which award a judgment may be entered, whereas an agreement for appraisal extends merely to the resolution of the specific issues of actual cash value and the amount of loss, all other issues being reserved for determination in a plenary action before the court. Furthermore, appraisers are generally expected to act on their own skill and knowledge; they may reach individual conclusions and are required to meet only for the purpose of ironing out differences in the conclusions reached; and they are not obliged to give the rival claimants any formal notice or to hear evidence, but may proceed by ex parte investigation so long as the parties

8

are given opportunity to make statements and explanations with regard to matters in issue. Arbitrators, on the other hand, must meet together at all hearings; they act quasi-judicially and may receive the evidence or views of a party to the dispute only in the presence, or on notice to, the other side, and may adjudge the matters to be decided only on what is presented to them in the course of an adversary proceeding.

(Footnotes omitted). Another well known authority states as follows:

An agreement for arbitration, as that term is now generally used, encompasses the disposition of the entire controversy between the parties upon which award a judgment may be entered, whereas an agreement for an appraisal extends merely to the resolution of the specific issues of actual cash value and the amount of loss, all other issues reserved for settlement by negotiation, or litigated in an ordinary action upon the policy. For example, it has been said that a clause in a fire policy providing for simple appraisal of values, so as to determine the amount of loss, is distinct from an arbitration clause, whereby the parties seek to substitute tribunals other than courts to determine an entire controversy.

14 G. Couch, Couch on Insurance § 50:5, 164-65 (2d rev. ed. 1982).

■ Island National seems to believe that its demand for arbitration pursuant to the letter of June 26, 1990, is synonymous with the demand for appraisal called for in the insurance policy. Although there is a split in authority, this Court is in line with those jurisdictions that recognize the distinction between an agreement for arbitration and an agreement for appraisal. For example, the insurance policy in Weiss v. Insurance Co. of State of Pennsylvania, 497 So.2d 285 (Fla. Ct. App. 1986), contained an appraisal clause virtually identical to the one in the case at bar.[1] In that case the plaintiff's suit against the defendant was dismissed at the trial level because the

---

[1] The appraisal clause in Weiss stated as follows:

If we and you do not agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will select a competent appraiser. The two appraisers will state separately the actual cash value and the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

1. Pay its chosen appraiser; and
2. Bear the expenses of the appraisal and umpire equally.

497 So.2d at 286, n.2.

plaintiff had failed to comply with the policy provision for the appraisal of damages. On appeal the plaintiff argued that the trial court ordered compliance with an arbitration clause in the policy and that the insurer waived its reliance on that provision by failing to timely raise it. The defendant contended that its insistence on arbitration did not come too late. The Court of Appeals reversed on the ground that the defendant had waived the appraisal provision of the policy, but nonetheless the court did indicate that there was no arbitration clause in the policy despite the existence of the appraisal clause. Although the term "appraisement" and the term "arbitration" are generally used interchangeably or in a loose sense in insurance policies and cases, the court indicated, there is a distinction between a limited agreement for appraisal of the amount of the loss and a general agreement to submit to arbitration. 497 So.2d at 286, n.4.

The insurance policy in Lewis Food Co. v. Fireman's Fund Insurance Co., 207 Cal. App. 2d 515, 24 Cal. Rptr. 557 (1962), also contained an appraisal clause similar to the one in the case at bar. In discussing the appraisal clause in that case, the court stated as follows:

> One of the questions on this appeal is whether the plaintiff was entitled to pursue an action on the policy instead of being limited to an attack upon the validity of the award. A policy of insurance may, of course, contain a provision for arbitration under which questions of law and fact are to be determined by that process rather than by the usual resort to the judicial process. But the provision in the policy presently before the court is not of that broad nature. An agreement for an appraisement is to be distinguished from an agreement to submit a controversy to arbitration.

24 Cal. Rptr. at 560 (citation omitted).

Likewise, in Southeast Nursing Home v. St. Paul Fire and Marine, 750 F.2d 1531 (11th Cir. 1985), a case decided under Alabama law, the court recognized the distinction between an appraisal and an arbitration. There it was said:

> The Supreme Court of Alabama has recently recognized a distinction between an appraisal and an arbitration and has held that appraisals are not controlled by the arbitration provision of the Alabama Code. Rather, appraisals are controlled by the relevant provision of the parties' contract. Whether a contract calls for an appraisal or arbitration is a matter of contract interpreta-

10

tion; the court must discern the parties' intent. In determining their intent, the court should give considerable weight to the nature of the issues the parties selected to "arbitrate" and the procedures the "arbitrators" must follow in reaching their decision.

Id. at 1537 (citing Casualty Indemnity Exchange v. Yother, 439 So.2d 77 (Ala. 1983)) (footnote omitted).

The cited cases must of course be distinguished from cases such as Penn Central Corp. v. Consolidated Rail, 82 A.D.2d 208, 441 N.Y.S.2d 266 (1981). There an agreement between the plaintiff and the defendant was to submit the question of allocation of certain funds to disinterested appraisers. The court found that although the parties used the term "appraisal" they really meant "arbitration". The particular appraisal process called for in the agreement, the court said, had all the trappings of a formal arbitration proceeding. Moreover, in a collateral agreement the parties used the term "arbitration" to refer to the appraisal panel. Thus, the court stated:

> The plain meaning of the agreement was to submit the entire controversy between the parties to impartial third parties for final resolution. In all respects, except for the use of the word "appraisal", this constituted and arbitration agreement. The use of the word "appraisal" instead of the word "arbitration" is not controlling.

441 N.Y.S.2d at 270.

■■ In contrast, in the instant case the appraisal called for in the insurance policy does not have the trappings of the formal arbitration proceeding recognized and illustrated in Penn Central. In this case, the use of the word "appraisal" instead of the word "arbitration" is controlling. The policy states that either party may demand appraisal for the limited purpose of determining the amount of loss. There is no requirement that the appraiser be disinterested or impartial, and there is no requirement that the appraisers meet and make determinations upon proof adduced at a hearing. In fact, the appraisers may predicate their decision upon their own ex parte investigations. Under the circumstances, even though an agreement for appraisal is similar to an agreement for arbitration, this Court is constrained to recognize the differences.

■ Quite simply, the provision for appraisal contained in the insurance policy in this case is distinguishable from an agreement for

11

arbitration, and a demand for one is not a demand for the other. There is no arbitration clause in the policy. That being the case, Island National's letter demanding arbitration of the dispute between itself and the insured, was ineffective. The letter was not adequate notice that Island National was demanding an appraisal.

## B. *Appraisal Clause Not a Part of Insurance Contract*

■ Gribbin's second contention is that the appraisal clause never became a part of the agreement because she never received the first ten pages of the policy. She supports her allegation with her sworn affidavit. Island National has done nothing, by way of affidavit or otherwise, to contradict Gribbin's affidavit that she was never given that part of the policy containing the appraisal clause; therefore, there appears to be no factual dispute on this issue. It is axiomatic that if Gribbin was never provided that part of the policy containing the appraisal clause there was no mutual assent as to that provision, and therefore, the appraisal clause never became a part of the policy. See 1 S. Williston, Williston on Contracts, § 1 et seq. (W.E. Jaeger ed. 1957).

## C. *Whether Appraisal Clause is Unconscionable*

■ Gribbins' third contention, that the appraisal clause at issue here is unconscionable, merits little discussion. Arbitration and appraisal clauses of the type involved here are clearly not unconscionable. Such clauses are standard in insurance policies and are enforceable unless prohibited by law. See generally 14 G. Couch, Couch on Insurance, § 50:1 et seq. (1982).

## D. *Waiver of Appraisal Clause*

■■ There is a final basis upon which the Court finds for the insured. It is apparent that Island National waived the appraisal clause regardless of whether the demand for arbitration was sufficient. A provision in an insurance policy for arbitration or appraisal, being designed for the protection of the insurer, may be waived by the insurer. 14 G. Couch, supra, § 50:99; Cummings v. Prudential Insurance Co. of America, 542 F. Supp. 838 (S.D. Ga. 1982). In this case, the Complaint alleges, and it appears, that Island National purchased, or offered to purchase, a replacement mobile home for Gribbin.[2] As a rule, by exercising the right to replace or repair the

---

[2] Gribbin's policy provides:

**Our Option.** If we give you written notice within 30 days after we receive your

property as authorized by the policy, the insurer renders compliance with the appraisal clause impossible, and the appraisal provision is waived as a matter of law. See Weiss v. Insurance Co. of State of Pennsylvania, supra (and cases cited "therein); Home Indemnity Co. v. Bush, 20 Ariz. App. 355, 513 P.2d 145 (1973); 14 G. Couch, supra, § 50:119.

## CONCLUSION

The Court recognizes a distinction between an agreement for appraisal and an agreement for arbitration. Where the contract clearly calls for appraisal a demand for arbitration will not suffice. Furthermore, it is clear that Island National waived the appraisal clause in the policy at issue, and in any event, the appraisal clause never became part of Gribbin's policy, because it was not delivered to her along with the rest of the policy.

## ORDER

IN ACCORDANCE with the memorandum opinion issued of even date, it is hereby

ORDERED that Defendant's motion for reconsideration of the Court's Order denying a stay of the instant proceeding is DENIED.

---

signed, sworn proof of loss, we may repair or replace any part of the damaged property with like property.