# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

**No. 20-7067**

**September Term, 2020**

FILED ON: MAY 28, 2021

WILLIAM DUN, INDIVIDUALLY AND AS THE PERSONAL REPRESENTATIVE OF THE ESTATE OF IRMADEL DUN, ET AL.,

APPELLANTS

v.

TRANSAMERICA PREMIER LIFE INSURANCE COMPANY, FORMERLY KNOWN AS MONUMENTAL LIFE INSURANCE COMPANY, FORMERLY KNOWN AS PEOPLES BENEFIT LIFE INSURANCE COMPANY, ET AL.,

APPELLEES

---

Appeal from the United States District Court
for the District of Columbia
(No. 1:19-cv-00040)

---

Before: SRINIVASAN, *Chief Judge*, RAO, *Circuit Judge*, and SILBERMAN, *Senior Circuit Judge*.

## J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has afforded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. Cir. R. 36(d). For the following reasons, it is

**ORDERED AND ADJUDGED** that the judgment of the district court be **AFFIRMED**.

This is a dispute over insurance coverage. Irmadel Dun enrolled in a $100,000 accidental death insurance policy issued by the Appellee, Transamerica Premier Life Insurance. Dun passed away from injuries sustained when she fell on a sidewalk. Appellants, Dun's five children, sought to recover on the policy following her death. Appellee denied their claim and explained that the policy covers only deaths resulting from motor-vehicle or common-carrier accidents, not any other cause of death. Appellants alleged that Transamerica had violated the insurance contract and tortiously denied their claims.

1

The district judge granted Appellee's motion for summary judgment in a thorough and well-reasoned opinion. *Dun v. Transamerica Premier Life Ins. Co.*, 442 F. Supp. 3d 229 (D.D.C. 2020); *see also* 2020 WL 4001472 (D.D.C. July 15, 2020) (denying motion to vacate). Appellants press contract, breach of fiduciary duty, and consumer protection claims on appeal. We affirm.

**I**

We start with Appellants' contract claim. Appellants argue that Dun's insurance policy covers death resulting from *any* accident. Appellee responds that the policy covers only accidental deaths involving motor vehicles or common carriers. It is undisputed that the contract is governed by D.C. law.

The district court properly concluded that the insurance contract unambiguously supports Appellee's interpretation. Part III of the Policy is titled "**ACCIDENTAL DEATH BENEFIT**," and it extends coverage to certain types of accidents:

> We pay a benefit if an Insured dies as the result of an Injury that occurs from one of the Accident Hazards described below. . . .
>
> > **Motor Vehicle Hazard:** This Hazard occurs if an Insured dies as a result of being Injured:
> >
> > > a. while riding in or driving a Private Passenger Automobile:
> > >
> > > b. if struck, as a pedestrian, by a Private Passenger Automobile or any other Land Motor Vehicle; or
> > >
> > > c. while driving for hire a Land Motor Vehicle.
> >
> > **Common Carrier Hazard:** This Hazard occurs if an Insured dies as a result of being Injured while:
> > > a. riding as a fare paying passenger on a Common Carrier; or
> > >
> > > b. getting on or off a Common Carrier.

A.J.A. 116. No other provisions of the contract extend coverage, although some limit it (carveouts for suicides, criminal acts, driving under the influence of alcohol, etc.). The contract therefore covers only a "Motor Vehicle Hazard" or "Common Carrier Hazard," not any accident.

Appellants object to this interpretation on the grounds that "Part III is naturally understood to be a grant of coverage which *includes* motor vehicle accidents, but it is unlikely to be read to *limit*

2

coverage because it lacks words of exclusion." Appellant Br. 33 (emphasis in original); *see also id*. at 15, 36. But that argument ignores the plain meaning of the word, "if." The contract will "pay a benefit *if*," and "if" is commonly understood to "introduc[e] a clause of condition." *If, Oxford English Dictionary Online* (2021). In other words, the contract will pay a benefit "[o]n condition that; given or granted that; [or] in (the) case that" one of the enumerated hazards causes death. *Id*. By listing the conditions under which the policy will pay a benefit, the contract need not use any additional terms of restriction. "The principle that a matter not covered is not covered is so obvious that it seems absurd to recite it." Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 93 (2012).

Appellants argue this interpretation endorses a logical fallacy: That the contract pays a benefit under certain conditions does not preclude it from also paying out under other conditions. Appellants Br. 46–48. This argument misses the point. Our role is to identify, reading the contract as a whole, the meaning that a reasonable person would assign to it—not to determine whether any particular interpretation is excluded by formal logic. *See Howard Univ. v. Best*, 484 A.2d 958, 966–67 (D.C. 1984). The more persuasive position is that of Appellee, who points out that Appellants' interpretation would render Part III superfluous. Why would a contract covering any accidental death specify that it covers motor vehicle accidents? *See Dist. of Columbia v. Young*, 39 A.3d 36, 40 (D.C. 2012) (The court "give[s] reasonable effect to all [the contract's] parts and eschew[s] an interpretation that would render part of it meaningless.") (internal quotations omitted).

Appellants present several additional interpretative and policy arguments in support of their position. We have reviewed those contentions and agree with the district court that none overcome the plain language of the contract. Since the contract is unambiguous, we do not consider the extrinsic evidence. *See e.g.*, *Hercules & Co. v. Shama Rest. Corp.*, 613 A.2d 916, 927–29 (D.C. 1992) (explaining D.C.'s parol evidence rule).

## II

We agree that the district court properly dismissed Appellants' breach of fiduciary duty claims. The only injury alleged by Appellants is the denial of insurance benefits under the contract. *See* A.J.A. 1273 ¶ 125 ("As a result thereof, Plaintiffs are entitled to benefits owed under this insurance product in the amount of $100,000."). But under D.C. law, a tort generally "must exist in its own right independent of the contract, and any duty upon which the tort is based must flow from considerations other than the contractual relationship." *Choharis v. State Farm Fire & Cas. Co.*, 961 A.2d 1080, 1089 (D.C. 2008) (citing *Tate v. Aetna Cas. & Sur. Co.*, 253 S.E.2d 775, 777 (Ga. Ct. App. 1979) (To constitute a tort, "the injury to the plaintiff has been an independent injury over and above the mere disappointment of plaintiff's hope to receive his contracted-for benefit.") (internal quotations omitted)). So the district court's dismissal of Appellants' tort claims as duplicative of their contract claims is quite persuasive.

We need not decide that question because these claims fail for another reason. Appellants emphasize that the assets backing the insurance policy are held by a trust. But the mere existence of a trust does not establish a fiduciary relationship between the trust and the decedent (or

Appellants).  Since there is no fiduciary relationship with the policyholders, these claims were properly denied.

## III

We also reject Appellants' D.C. Consumer Protection Procedures Act claims.  Nowhere did Appellants plead these claims.  Appellants nevertheless argue that because the averred facts "plainly" make out a violation of D.C. statutory protections, they should have been allowed to press them in opposition to summary judgment.  For the reasons given by the district court, we doubt Appellants should be permitted to inject these claims at this late stage.  In any event, since the record does not support any reasonable inference of a misrepresentation, the claims lack merit.

\* \* \*

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  *See* Fed. R. App. P. 41 (b); D.C. Cir. R. 41.

### Per Curiam

FOR THE COURT:
Mark J. Langer, Clerk

BY:     /s/
Daniel J. Reidy
Deputy Clerk